1   PAUL L. REIN, Esq. (SBN 43053)
    CELIA McGUINNESS, Esq. (SBN 159420)
2   LAW OFFICES OF PAUL L. REIN
    200 Lakeside Drive, Suite A
3   Oakland, CA 94612
    Telephone:  510/832-5001
4   Facsimile:  510/832-4787

5   Attorneys for Plaintiff
    PATRICIA BERNE

6

7   Michael Bruno, Esq.
    GORDON & REES LLP
8   Embarcadero Center West
    275 Battery Street, Suite 2000
9   San Francisco, CA 94111
    415/986-5900
10  415/986-8054 fax

11  Attorneys for Defendants

12  GARIBALDI'S ON PRESIDIO, INC.;
    JOHN HURLEY; EDWARD S. NG; KI LAU;
13  MABEL NG; and DAVID N. NG

14

15              IN THE UNITED STATES DISTRICT COURT
16       IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

17

18  PATRICIA BERNE,                        CASE NO. C09-00873 JSW

19        Plaintiff,                       Civil Rights

20  v.
                                           **CONSENT DECREE AND
21  GARIBALDI'S ON PRESIDIO, INC.;         [PROPOSED] ORDER**
    JOHN HURLEY; EDWARD S. NG;
22  KI LAU; MABEL NG; DAVID N. NG;
    and DOES 1-10, Inclusive,
23
          Defendants.
24  _____/

25

26  1.     Plaintiff PATRICIA BERNE filed a Complaint in this action on April 3,

27  2009, to obtain recovery of damages for her discriminatory experiences, denial of

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 09-0873 JSW                        -1-        S:\CASES\G\GARIBALDI'S\PLEADING\Garibaldi's Consent Decree 1-11-10.wpd

1   access, and denial of her civil rights, and to enforce provisions of the Americans

2   with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and

3   California civil rights laws against Defendants GARIBALDI'S ON PRESIDIO,

4   INC.; JOHN HURLEY; EDWARD S. NG; KI LAU; MABEL NG; and DAVID

5   N. NG, relating to the condition of their public accommodations as of November

6   21, 2008, and continuing. Plaintiff has alleged that Defendants violated Title III

7   of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil

8   Code, and sections 19955 *et seq.* of the California Health & Safety Code by

9   failing to provide full and equal access to their facilities at Garibaldi's Restaurant,

10  located at 347 Presidio Ave., San Francisco, California.

11  2.    Defendants GARIBALDI'S ON PRESIDIO, INC.; JOHN HURLEY;

12  EDWARD S. NG; KI LAU; MABEL NG; and DAVID N. NG deny the

13  allegations in the Complaint and by entering into this Consent Decree and Order

14  do not admit liability to any of the allegations in Plaintiff's Complaint filed in this

15  action. Plaintiff PATRICIA BERNE, defendants GARIBALDI'S ON PRESIDIO,

16  INC., JOHN HURLEY, EDWARD S. NG, KI LAU, MABEL NG; and DAVID

17  N. NG, and all other current owners as of the date of this agreement of the

18  property located at 347 Presidio Ave., San Francisco, California, including

19  Edward Sherman Ng, Mabel Ng, Ki Lau, David Norman Ng, Tamara Hope Liang,

20  Adam Sherwin Ng, Stephen Ng, Doris Louie, Phineas Jason Nghereinafter

21  collectively, "the parties," hereby enter into this Consent Decree and Order for

22  the purpose of resolving this lawsuit without the need for protracted litigation and

23  without the admission of any liability.

24

25  **JURISDICTION:**

26  3.    The parties to this Consent Decree agree that the Court has

27  jurisdiction of this matter pursuant to 28 U.S.C. § 1331 for alleged violations of

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 09-0873 JSW       −2−

S:\CASES\G\GARIBALDI'S\PLEADINGS\Garibaldi's Consent Decree 1-11-10.wpd

1 the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* and
2 pursuant to supplemental jurisdiction for alleged violations of California Health
3 & Safety Code §§ 19955 *et seq.*; Title 24, California Code of Regulations; and
4 California Civil Code §§ 51, 52, 54, 54.1, 54.3, and 55.

5     4.     In order to avoid the costs, expense, and uncertainty of protracted
6 litigation, the parties to this Consent Decree agree to entry of this Order to resolve
7 all claims regarding injunctive relief, damages, and attorney fees, litigation
8 expenses, and costs, raised in the Complaint filed with this Court. Accordingly,
9 they agree to the entry of this Order without trial or further adjudication of any
10 issues of fact or law concerning Plaintiff's claims for injunctive relief, damages,
11 and attorney fees, litigation expenses, and costs.

12         WHEREFORE, the parties to this Consent Decree hereby agree and
13 stipulate to the Court's entry of this Consent Decree and Order, which provides as
14 follows:

15

16 **SETTLEMENT OF INJUNCTIVE RELIEF:**

17     5.     This Order shall be a full, complete, and final disposition and
18 settlement of Plaintiff's claims against Defendants for injunctive relief that have
19 arisen out of the subject Complaint. The parties agree that there has been no
20 admission or finding of liability or violation of the ADA and/or California civil
21 rights laws, and this Consent Decree and Order should not be construed as such.

22     6.     The parties agree and stipulate that the corrective work will be
23 performed in compliance with the standards and specifications for disabled access
24 as set forth in the California Code of Regulations, Title 24-2, and Americans with
25 Disabilities Act Accessibility Guidelines, unless other standards are specifically
26 agreed to in this Consent Decree and Order.

27
28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 09-0873 JSW         -3-         S:\CASES\G\GARIBALDI'S\PLEADINGS\Garibaldi's Consent Decree 1-11-10.wpd

1            a)      **Remedial Measures:**

2                  (1)      Defendants agree to perform corrective work at

3                       Garibaldi's Restaurant, located at 347 Presidio Ave.,

4                       San Francisco, California. The scope of the corrective

5                       work agreed upon by the parties is detailed in the

6                       Restroom Schematic, attached hereto as **Attachment A,**

7                       and the "Garibaldi's Deficiency List" report of Karl

8                       Danz based on the site inspection conducted on June 30,

9                       2009 and attached hereto as **Attachment B.**

10                       Defendants agree to undertake all of the remedial work

11                       set forth therein.

12                  (2)      Defendants agree to adopt and implement the policy

13                       language attached hereto as **Attachment C.**

14          b)      **Timing of Injunctive Relief:** For work requiring permits,

15 defendants will submit plans for all corrective work to the appropriate

16 governmental agencies within 30 days of the entry of this consent decree by the

17 Court. Defendants will commence work within 30 days of receiving approval

18 from the appropriate agencies. Defendants will complete the work on or before

19 June 2, 2010. For work not requiring building permits, the work will be

20 completed within 60 days of entry of this Consent Decree and Order by the Court.

21 In the event that unforeseen difficulties prevent Defendants from completing any

22 of the agreed-upon injunctive relief, Defendants or their counsel will notify

23 Plaintiff's counsel in writing within 15 days of discovering the delay. Defendants

24 or their counsel will notify Plaintiff's counsel when the corrective work is

25 completed, and in any case will provide a status report no later than 120 days

26 from the entry of this Consent Decree.

27

28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 09-0873 JSW       −4−

S:\CASES\G\GARIBALDI'S\PLEADINGS\Garibaldi's Consent Decree 1-11-10.wpd

1 **DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:**

2      7.      The parties have reached an agreement regarding Plaintiff's claims

3 for damages, and Defendants have paid $15,000 to Plaintiff in full satisfaction of

4 Plaintiff's claims for all damages, including personal injury, civil rights, and all

5 other forms of damages.  The parties have also reached an agreement regarding

6 Plaintiff's claims for attorney fees, litigation expenses, and costs, and Defendants

7 have paid $37,500 to Plaintiff in full satisfaction of Plaintiff's claims for all

8 attorney fees, litigation expenses, and costs.

9

10 **ENTIRE CONSENT ORDER:**

11      9.      This Consent Decree and Order and Attachments A, B and C to this

12 Consent Decree, which is incorporated herein by reference as if fully set forth in

13 this document, constitute the entire agreement between the signing parties on the

14 matters of injunctive relief, damages, and attorney fees, litigation expenses, and

15 costs.

16

17 **CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

18

19      10.     This Consent Decree and Order shall be binding on the parties and

20 all successors in interest.  The parties have a duty to so notify all such successors

21 in interest of the existence and terms of this Consent Decree and Order during the

22 period of the Court's jurisdiction of this Consent Decree and Order.

23

24 **MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

25

26      11.     Each of the parties to this Consent Decree understands and agrees

27 that there is a risk and possibility that, subsequent to the execution of this

28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 09-0873 JSW                           -5-          S:\CASES\G\GARIBALDI'S\PLEADINGS\Garibaldi's Consent Decree 1-11-10.wpd

1 Consent Decree, any or all of them will incur, suffer or experience some further
2 loss or damage with respect to the lawsuit which are unknown or unanticipated at
3 the time this Consent Decree is signed. Except for all obligations required in this
4 Consent Decree, the parties intend that this Consent Decree apply to all such
5 further loss with respect to the lawsuit, except those caused by the parties
6 subsequent to the execution of this Consent Decree. Therefore, except for all
7 obligations required in this Consent Decree, this Consent Decree shall apply to
8 and cover any and all claims, demands, actions and causes of action by the parties
9 to this Consent Decree with respect to the lawsuit, whether the same are known,
10 unknown or hereafter discovered or ascertained, and the provisions of Section
11 1542 of the California Civil Code are hereby expressly waived. Section 1542
12 provides as follows:

13    A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
      WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO
14    EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING
      THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST
15    HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH
      THE DEBTOR.
16

17    12.    Except for all obligations required in this Consent Decree, each of
18 the parties to this Consent Decree, on behalf of each, their respective agents,
19 representatives, predecessors, successors, heirs, partners and assigns, releases and
20 forever discharges each other Party and all officers, directors, shareholders,
21 subsidiaries, joint venturers, stockholders, partners, parent companies, employees,
22 agents, attorneys, insurance carriers, heirs, predecessors, and representatives of
23 each other Party, from all claims, demands, actions, and causes of action of
24 whatever kind or nature, presently known or unknown, arising out of or in any
25 way connected with the lawsuit.
26
27
28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 09-0873 JSW                                    -6-                    S:\CASES\G\GARIBALDI'S\PLEADINGS\Garibaldi's Consent Decree 1-11-10.wpd

1  **TERM OF THE CONSENT DECREE AND ORDER:**

2     13.    This Consent Decree and Order shall be in full force and effect for a

3  period of twelve (12) months after the date of entry of this Consent Decree and

4  Order, or until the injunctive relief contemplated by this Order is completed,

5  whichever occurs later.  The Court shall retain jurisdiction of this action to

6  enforce provisions of this Order for twelve (12) months after the date of this

7  Consent Decree, or until the injunctive relief contemplated by this Order is

8  completed, whichever occurs later.

9

10  **SEVERABILITY:**

11     14.    If any term of this Consent Decree and Order is determined by any

12  court to be unenforceable, the other terms of this Consent Decree and Order shall

13  nonetheless remain in full force and effect.

14

15  **SIGNATORIES BIND PARTIES:**

16     15.    Signatories on the behalf of the parties represent that they are

17  authorized to bind the parties to this Consent Decree and Order.  This Consent

18  Decree and Order may be signed in counterparts and a facsimile signature shall

19  have the same force and effect as an original signature.

20

21  Dated: _/ · /5_ , 2010          PLAINTIFF PATRICIA BERNE

22

23                                  *Patricia N. Berne*

24                                  PATRICIA BERNE

25

26  //

27  //

28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 09-0873 JSW                              −7−              S:\CASES\G\GARIBALDI'S\PLEADINGS\Garibaldi's Consent Decree 1-11-10.wpd

Jan.15.2009  06:35 PM                                                    PAGE.  1/  1

1    Dated: _____, 2010    PLAINTIFF PATRICIA BERNE

2

3    _____
                                PATRICIA BERNE
4

5    //
6
     //
7    Dated: 1/1___, 2010       DEFENDANT GARIBALDI'S ON PRESIDIO, INC.
8

9                               By: _____
10

11

12   Dated: 2/1___, 2010       DEFENDANT   JOHN HURLEY
13

14                             By: _____
15

16

17   Dated: _____, 2010    DEFENDANT   EDWARD S. NG
18

19                             By: _____
20

21

22   Dated: _____, 2010    DEFENDANT KI LAU
23

24
                               By: _____
25

26

27   CONSENT DECREE AND [PROPOSED] ORDER

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CASE NO. 09-0873 JSW    C:\DOCUMENTS AND SETTINGS\HGREVOIS\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK14F7\GARIBALDI'S CONSENT DECREE 1-11-10 (2).WPO

-9-

1    they are authorized to bind the parties to this Consent Decree

2    and Order.  This Consent Decree and Order may be signed in

3    counterparts and a facsimile signature shall have the same force

4    and effect as an original signature.

5

6    Dated: _____, 2010    PLAINTIFF PATRICIA BERNE

7

8                                    _____

9                                    PATRICIA BERNE

10

11   //

12   //
     Dated: _____, 2010    DEFENDANT GARIBALDI'S ON PRESIDIO, INC.

13

14                                    By: _____

15

16   Dated: _____, 2010    DEFENDANT   JOHN HURLEY

17

18                                    By: _____

19

20   Dated: 1|15___, 2010       DEFENDANT   EDWARD S. NG

21

22                                    By: _____

23

24   Dated: 1/16___, 2010       DEFENDANT KI LAU

25

26

27   CONSENT DECREE AND [PROPOSED] ORDER
     CASE NO. 09-0873 JSW                                    -9-   C:\DOCUMENTS AND SETTINGS\ANGIE\DESKTOP\GARIBALDI'S_CONSENT_DECREE_1-11-10_(2)(1).DOC

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

By: _____

1

2

3    Dated: __1/16__, 2010    DEFENDANT MABEL NG

4
                              By: _____
5

6    Dated: __1/16__, 2010    DEFENDANT DAVID N. NG

7

8                             By: _____

9

10
     Dated: __1/15__, 2010    SIGNATORY EDWARD SHERMAN NG
11

12
                              By: _____
13

14

15    Dated: __1/16__, 2010    SIGNATORY MABEL NG

16

17                            By: _____

18

19    Dated: __1/16__, 2010    SIGNATORY KI LAU

20

21                            By: _____

22

23

24

25

26

27    CONSENT DECREE AND [PROPOSED] ORDER
      CASE NO. 09-0873 JSW

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

-10- C:\DOCUMENTS AND SETTINGS\ANGIE\DESKTOP\GARIBALDI'S_CONSENT_DECREE_1-11-10_(2)[1].DOC

1   Dated: _____/_/_/6, 2010        SIGNATORY **DAVID NORMAN NG**

2

3                                    By: _____

4

5   Dated: ___1/16, 2010            SIGNATORY **TAMARA HOPE LIANG**

6

7                                    By: _____

8

9   Dated: __1/16, 2010             SIGNATORY **ADAM SHERWIN NG**

10

11                                   By: _____

12

13  Dated: __1/15, 2010             SIGNATORY **STEPHEN NG**

14

15                                   By: _____

16

17  Dated: __1/23, 2010             SIGNATORY **DORIS LOUIE**

18

19                                   By: _____

20

21

22  Dated: __1/15, 2010             SIGNATORY **PHINEAS JASON NG**

23

24                                   By: _____

25

26

27   CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 09-0873 JSW

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

-11- C:\DOCUMENTS AND SETTINGS\ANGIO\DESKTOP\GARIBALDI'S_CONSENT_DECREE_1-11-10_(2)(1).DOC

1   APPROVED AS TO FORM:

2   Dated: _____, 2010          PAUL L. REIN
                                      CELIA McGUINNESS
3                                     LAW OFFICES OF PAUL L. REIN

4

5                                     By: _____
6                                          Attorneys for Plaintiff
                                           PATRICIA BERNE
7

8   Dated: _____, 2010          Michael Bruno, Esq.
9                                     GORDON & REES LLP

10

11

12                                    Attorneys for all Defendants

13

14

15                                    **ORDER**

16          Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

17

18  Dated: _____, 2010
19                                    Honorable                    Jeffrey S. White
                                      United States District Judge
20

21

22

23

24

25

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 09-0873 JSW                              -10-              S:\CASES\G\GARIBALDI\PLEADING\SGaribaldi's Consent Decree 1-11-10.wpd

# ATTACHMENT A



ATTACHMENT A - UNISEX RESTROOM PLAN AT
GARIBALDI'S RESTAURANT, SAN FRANCISCO, CA
FOR SETTLEMENT PURPOSES ONLY
3/8" = 1'-0"

# ATTACHMENT B

AttachmentB-FINAL-GaribaldisRestaurant-DeficeinoyList-Draft5-KD.xls

## Garibaldis Restaurant, San Francisco, CA - Deficiency List

| Item No. | Location | Description | 2001-CBC | CBC Requirements | ADAAG | ADAAG Requirements | Recommendation | Photo |
|---|---|---|---|---|---|---|---|---|
| 1.000 | Entry Door - Main Entry - Clear Opening | Single leaf door provides opening of 27 7/8" | 1133B.2.3.1 | Where a pair of doors is utilized, at least one of the doors shall provide a clear, unobstructed opening width of 32 inches (813 mm) with the leaf positioned at an angle of 90 degrees from its closed position. | 4.13.4 | Double-Leaf Doorways. If doorways have two independently operated door leaves, then at least one leaf shall meet the specifications in 4.13.5 and 4.13.6. That leaf shall be an active leaf. | Provide an automatic door opener to open both doors as discussed at the time of the inspection. | DSC_0006 |
| 1.001 | Entry Door - Main Entry - Clear Opening | Does not open to 90 degrees. | 1133B.2.3.1 | (See item 1.000) | 4.13.5 | Clear Width. Doorways shall have a minimum clear opening of 32 in (815 mm) with the door open 90 degrees, measured between the face of the door and the opposite stop (see Fig. 24(a), (b), (c), and (d)). | (See Above) | n/a |
| 1.002 | Entry Door - Main Entry - Threshold | Exterior landing has a slope reading of 6.7%. | 1133B.2.4.1 | The floor or landing shall not be more than ¼ inch (12.7 mm) lower than the threshold of the doorway. Change in level between ¼ inch (6 mm) and ½ inch (12.7 mm) shall be beveled with a slope no greater than 1 unit vertical to 2 units horizontal (50% slope). Change in level greater than ½ inch (12.7 mm) shall be accomplished by means of a ramp | 4.13.6 | Maneuvering Clearances at Doors. Minimum maneuvering clearances at doors that are not automatic or power-assisted shall be as shown in Fig. 25. The floor or ground area within the required clearances shall be level and clear. | Overlay the exterior landing to reduce the slope of the landing to the least amount possible and reduce the abrupt change in level at the threshold. | DSC_0003, DSC_0004 |
| 1.003 | Entry Door - Main Entry - Threshold and Landing | There is a lip on the exterior side of 3/4". | 1133B.2.4.1 | The floor or landing shall not be more than ¼ inch (12.7 mm) lower than the threshold of the doorway. Change in level between ¼ inch (6 mm) and ½ inch (12.7 mm) shall be beveled with a slope no greater than 1 unit vertical to 2 units horizontal (50% slope). Change in level greater than ½ inch (12.7 mm) shall be accomplished by means of a ramp. | 4.13.8 | Thresholds at Doorways. Thresholds at doorways shall not exceed 3/4 in (19 mm) in height for exterior sliding doors or 1/2 in (13 mm) for other types of doors. Raised thresholds and floor level changes at accessible doorways shall be beveled with a slope no greater than 1:2 (see 4.5.2). | (See Above) | DSC_0012 |
| 1.004 | Entry Door - Main Entry - Landing Size | Landing is 25" wide to face edge of concrete. | 1133B.2.4.2 | The level area shall have a length in the direction of door swing of at least 60 inches (1524 mm) and the length opposite the direction of door swing of 48 inches (1219 mm) as measured at right angles to the plane of the door in its closed position. | 4.13.6 | Maneuvering Clearances at Doors. Minimum maneuvering clearances at doors that are not automatic or power-assisted shall be as shown in Fig. 25. The floor or ground area within the required clearances shall be level and clear | Even though this is a violation no change in the depth of the landing is recommended at this time, as per our conversation at the time of the inspection. | n/a |

1

AttachmentB-FINAL-GarbaldisRestaurant-DeficeincyList-Draft5-KD.xls

| 1.005 | Maitre D Station - Path of Travel | Has a clear path of travel of only 34 1/2" | 1104B.5 | Food service aisles shall be a minimum of 36 inches (914 mm) of clear width with a preferred width of 42 inches (1067 mm) where passage of stopped wheelchairs by pedestrians is desired. Tray slides shall be mounted no higher than 34 inches (864 mm) above the floor. | 5.3 | Access Aisles. All accessible fixed tables shall be accessible by means of an access aisle at least 36 in (915 mm) clear between parallel edges of tables or between a wall and the table edges. | Reposition the Station to provide a clear path of travel of 36" Minimum. | DSC_0015 |
| 1.006 | Bar - Counter Requirements | Bar top has a height of 42 3/4" to the top. There is no lower section of at the bar. | 1122B.4 | The tops of tables and counters shall be 28 inches to 34 inches (711 mm to 864 mm) from the floor or ground. | 5.2 | Counters and Bars. Where food or drink is served at counters exceeding 34 in (865 mm) in height for consumption by customers seated on stools or standing at the counter, a portion of the main counter which is 60 in (1525 mm) in length minimum shall be provided in compliance with 4.32 or service shall be available at accessible tables within the same area. | Provide a lower section at the bar that is a minimum of 36" wide and no higher than 34" AFF. | DSC_0025 DSC_0027 |
| 1.007 | Bar Area - Path of Travel | Path of travel between bar and café tables is restricted to 21 1/2". | 1110B.2.1 | Circulation aisles and pedestrian ways shall be sized according to functional requirements and in no case shall be less than 36 inches (914 mm) in clear width. | 5.3 | Access Aisles. All accessible fixed tables shall be accessible by means of an access aisle at least 36 in (915 mm) clear between parallel edges of tables or between a wall and the table edges. | Provide circulation aisles that are a minimum of 36" wide. | DSC_0031, DSC_0032 |
| 1.008 | Dining Area Number of Seating Spaces | The restaurant has a seating capacity for 89 patrons not including the bar stools. | 1122B.1 | Minimum Number. Where fixed or built-in seating, tables, or counters are provided for the public, and in general | 4.32.1 | Fixed or built-in seating or tables required to be accessible by 4.1 shall comply with 4.32.2 through 4.32.4. | Provide a minimum of 4 accessible seating spaces. | |
| 1.009 | Typical Table - Knee Space | Knee space depth is only 14". | 1122B.3 | Knee Clearance. If seating for persons in wheelchairs is provided at fixed tables or counters, knee spaces at least 27 inches (686 mm) high, 30 inches (762 mm) wide and 19 inches (483 mm) deep shall be provided (see Figure 11B-13). | 4.32.3 | Height of Tables or Counters. The tops of accessible tables and counters shall be from 28 in to 34 in (710 mm to 865 mm) above the finish floor or ground. | Provide knee space space at all accessible tables that have a minimum of 27" knee sapce that extends at least 19" back from the front face of the table. | n/a |

2

AttachmentB-FINAL-GaribaldisRestaurant-DeficeinoyList-Draft5-KD.xls

| 1.010 | Upper Dining Area - Path of Travel | There is no vertical means of access to the upper dining area or the restrooms. | 1114B.1.2 | Accessible route of travel. When a building, or portion of a building, is required to be accessible or adaptable, an accessible route of travel shall be provided to all portions of the building, to accessible building entrances and between the building and the public way. Except within an individual dwelling unit, an accessible route of travel shall not pass though kitchens, storage rooms, restrooms, closets or other spaces used for similar purposes. At least one accessible transportation stops, accessible parking and accessible passenger loading zones, and public streets or sidewalks, to the accessible building entrance they serve. The accessible route shall, to the maximum extent feasible, coincide with the route for the general public. At least one accessible route shall connect accessible buildings, facilitites, elements and spaces that are on the same site. | 4.3.2 | Location. (1) At least one accessible route within the boundary of the site shall be provided from public transportation stops, accessible parking, and accessible passenger loading zones, and public streets or sidewalks to the accessible building entrance they serve. The accessible route shall, to the maximum extent feasible, coincide with the route for the general public. (2) At least one accessible route shall connect accessible buildings, facilities, elements, and spaces that are on the same site. | Provide a vertical means of access to the upper dining room and the restroom. |

AttachmentB-FINAL--GaribaldisRestaurant-DeficiencyList-Draft5-KD.xls

| | | | | | |
|---|---|---|---|---|---|
| 1.011 | Upper Dining Area - Path of Travel Advisory Only | The stairs to this section have no handrails | 1133B.4.1.1 | Stairways shall have handrails on each side, and every stairway required to be more than88 inches (2235 mm) in width shall be provided with not less than one intermediate handrail for each 88 inches (2235 mm) of required width.Intermediate handrails shall be spaced approximately equally across with the entire width of the stairway. | 5.4 | Dining Areas. In new construction, all dining areas, including raised or sunken dining areas, loggias, and outdoor seating areas, shall be accessible. In non-elevator buildings, an accessible means of vertical access to the mezzanine is not required under the following conditions: 1) the area of mezzanine seating measures no more than 33 percent of the area of the total accessible seating area; 2) the same services and decor are provided in an accessible space usable by the general public; and, 3) the accessible areas are not restricted to use by people with disabilities. In alterations, accessibility to raised or sunken dining areas, or to all parts of outdoor seating areas is not required provided that the same services and decor are provided in an accessible space usable by the general public and are not restricted to use by people with disabilities. | (See above) | DSC_0037 |
| 1.012 | Restroom - Path of Travel | The restroom is located off of the upper dining area. There is no path of travel provided to the restroom facilities. | 1114B.1.2 | (See Above) | 4.3.8 | Changes in Levels. Changes in levels along an accessible route shall comply with 4.5.2. If an accessible route has changes in level greater than 1/2 in (13 mm), then a curb ramp, ramp, elevator, or platform lift (as permitted in 4.1.3 and 4.1.6) shall be provided that complies with 4.7, 4.8, 4.10, or 4.11, respectively. An accessible route does not include stairs, steps, or escalators. See definition of "egress, means of" in 3.5. | Provide a vertical means of access to the upper dining area and the restroom facilities. | |
| 1.013 | Restroom 1 - Signage | No ADAAG signage provided. | 1115B.5 | N/A | 4.30.7 | Symbols of Accessibility. (1) Facilities and elements required to be identified as accessible by 4.1 shall use the international symbol of accessibility. The symbol shall be displayed as shown in Fig. 43(a) and (b). | Provide the required Title 24 signage adjacent to the strike edge of the door. | DSC_0043 |

4

AttachmentB-FINAL-GaribaldisRestaurant-DeficeinoyList-Draft5-KD.xls

| 1.014 | Restroom 1 - Signage | No title 24 signage provided. | 1115B.5 | Doorways leading to men's sanitary facilities shall be identified by an equilateral triangle 1/4 inch thick (6.4 mm) with edges 12 inches (305 mm) long and a vertex pointing upward. Women's sanitary facilities shall be identified by a circle, 1/4 inch thick (6.4mm) and 12 inches (305 mm) in diameter. Unisex sanitary facilities shall be identified by a circle 1/4 inch thick (6.4 mm), 12 inches (305 mm) in diameter with a 1/4-inch thick (6.4 mm) triangle superimposed on the circle and within the 12-inch (305 mm) diameter. These geometric symbols shall be centered on the door at a height of 60 inches (1524 mm) and their color and contrast shall be distinctly different from the color and contrast of the door. | | N/A | Provide the required Title 24 signage adjacent to the strike edge of the door. | DSC_0043 |
| 1.015 | Restroom 1 - Strike Edge Clearence | Entry door has a strike edge clearance of 8 1/2" | 1115B.4.2 | A level and clear area for a minimum depth of 60 inches (1524 mm) in the direction of the door swing as measured at right angles to the plane of the door in its closed position, and 44 inches (1118 mm) where the door swings away from the level and clear area. The width of the level area on the side to which the door swings shall extend 24 inches (610 mm) past the strike edge of the door for exterior doors and 18 inches (457 mm) past the strike edge for interior doors. | 4.13.6 | **Maneuvering Clearances at Doors.** Minimum maneuvering clearances at doors that are not automatic or power-assisted shall be as shown in Fig. 25. The floor or ground area within the required clearances shall be level and clear. | Provide an automatic door opener as discussed at the time of inspection. | DSC_0043 |

5

AttachmentB-FINAL_GaribaldisRestaurant-DeficiencyList-Draft5-KD.xls

| | | | | | |
|---|---|---|---|---|---|
| 1.016 | Restroom 1 - Toilet Center Line | Center line of the toilet is 18 5/8". | 1115B.7.2 | There shall be sufficient space in the toilet room for a wheelchair measuring 30 inches (762 mm) wide by 48 inches (1219 mm) long to enter the room and permit the door to close. There shall be in the room a clear floor space of at least 60 inches (1524 mm) in diameter, or a T-shaped space complying with Figure 11B-12 (a) and (b). No door shall encroach into this space for more than 12 inches (305 mm) except for the panel door to any water closet compartment if there is one. (See Figure 11B-1A). The water closet shall be located in a space which provides a minimum 28-inch-wide (711 mm) clear space from a fixture or a minimum 32-inch-wide (813 mm) clear space from a wall at one side. The other side shall provide 18 inches (457 mm) from the centerline of the water closet to the wall. | 4.16.2 | **Clear Floor Space.** Clear floor space for water closets not in stalls shall comply with Fig. 28. Clear floor space may be arranged to allow either a left-handed or right-handed approach | Even though this is a violation no change in the depth of the landing is recommended at this time, as per our conversation at the time of the inspection. | n/a |
| 1.017 | Restroom 1 - Grab Bar | No rear grab bar is provided. | 1115B.8.1 | Location. Grab bars located on each side, or one side and the back of the accessible toilet stall or compartment, shall be securely attached 33 inches (838 mm) above and parallel to the floor, except that where a tank-type toilet is used which obstructs placement at 33 inches (838 mm), the grab bar may be as high as 36 inches (914 mm). Grab bars shall be at least 42 inches (1067 mm) long with the front end positioned 24 inches (610 mm) in front of the water closet stool. Grab bars at the back shall not be less than 36 inches (914 mm) long. See Figures 11B-1A, 11B-1B and 11B-1C. | 4.16.4 | **Grab Bars.** Grab bars for water closets not located in stalls shall comply with 4.26 and Fig. 29. The grab bar behind the water closet shall be 36 in (915 mm) minimum. | Provide a 36" long grab bar mounted behind the toilet at 33" AFF. | DSC_0044 |
| 1.018 | Restroom 1 - Grab Bar | Side grab bar extends only 18" in front of the toilet. | 1115B.8.1 | (See Above) | 4.16.4 | (See Above) | Remount or replace the side grab bar so that is a minimum of 42" in length and extends a minimum of 24" in front of the front face of the toilet. | n/a |

AttachmentB-FINAL-GarbaldisRestaurant-DeficeincyList-Draft5-KD.xls

| 1.019 | Restroom 1 - Clear Space | Sanitary seat cover dispenser is mounted behind the side grab bar and is not adjacent to a clear floor space. | 1117B.6.2 | Controls and Operating Mechanisms. 1. General. Controls and operating mechanisms required to be accessible by Section 101.17.11 shall comply with the requirements of this section. 2. Clear floor space. Clear floor space complying with Section 1118B.4 that allows a forward or parallel approach by a person using a wheelchair shall be provided at controls, dispensers, receptacles and other operable equipment. | 4.27.2 | Clear Floor Space. Clear floor space complying with 4.2.4 that allows a forward or a parallel approach by a person using a wheelchair shall be provided at controls, dispensers, receptacles, and other operable equipment. | Relocate the sanitary seat cover dispenser so that it is adjacent to a clear floor space. | DSC_0053 |
| 1.020 | Restroom 1 - Grab Bar | Because of the bow in the wall the knuckle space provided in the center of the side grab bar is 3/4". | 1115B.8.2 | The diameter or width of the gripping surfaces of a grab bar shall be 1-¼ inches to 1-½ inches (32 mm to 38 mm) or the shape shall provide an equivalent gripping surface. If grab bars are mounted adjacent to a wall, the space between the wall and the grab bars shall be 1-½ inches (38 mm). | 4.26.2 | Size and Spacing of Grab Bars and Handrails. The diameter or width of the gripping surfaces of a handrail or grab bar shall be 1-1/4 in to 1-1/2 in (32 mm to 38 mm), or the shape shall provide an equivalent gripping surface. If handrails or grab bars are mounted adjacent to a wall, the space between the wall and the grab bar shall be 1-1/2 in (38 mm) (see Fig. 39(a), (b), (c), and (e)). Handrails may be located in a recess if the recess is a maximum of 3 in (75 mm) deep and extends at least 18 in (455 mm) above the top of the rail (see Fig. 39(d)). | Block out the ends of the grab bar to provide 1 1/2" knuckle space between the back side of the grab bar and the mounting wall. | n/a |

AttachmentB-FINAL-GaribaldisRestaurant-DeficeincyList-Draft5-KD.xls

8

| | | | | | |
|---|---|---|---|---|---|
| 1.021 | Restroom 1 - Side Transfer Space | The side transfer space is 14 7/8" and is obstructed by a trash can and the lavatory. | 1115B.7.2 | There shall be sufficient space in the toilet room for a wheelchair measuring 30 inches (762 mm) wide by 48 inches (1219 mm) long to enter the room and permit the door to close. There shall be in the room a clear floor space of at least 60 inches (1524 mm) in diameter, or a T-shaped space complying with Figure 11B-12 (a) and (b). No door shall encroach into this space for more than 12 inches (305 mm) except for the panel door to any water closet compartment if there is one. (See Figure 11B-1A). The water closet shall be located in a space which provides a minimum 28-inch-wide (711 mm) clear space from a fixture or a minimum 32-inch-wide (813 mm) clear space from a wall at one side. The other side shall provide 18 inches (457 mm) from the centerline of the water closet to the wall. **Clear Floor Space.** Clear floor space for water closets not in stalls shall comply with Fig. 28. Clear floor space may be arranged to allow either a left-handed or right-handed approach **4.16.2** | Relocate the trash receptacle so that it does not obstruct the side transfer space of the toilet. Provide a smaller lavatory to reduce the obstruction to the side transfer space of the toilet as discussed at the time of the inspection. | n/a |
| 1.022 | Restroom 1 - Pipe Insulation | The pipes are not wrapped or insulated. | 1115B.2.1.2. 2 | Hot water and drainpipes accessible under lavatories shall be insulated or otherwise covered. There shall be no sharp or abrasive surfaces under lavatories **Exposed Pipes and Surfaces. Hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. There shall be no sharp or abrasive surfaces under lavatories.** **4.19.4** | Provide the required insulation on the hot water supply line and the P-Trap. | DSC_0046 |
| 1.023 | Restroom 1 - Dispenser Mounting Height | The paper towel dispenser is mounted 53" AFF. | 1115B.9.2 | Where towel, sanitary napkins, waste receptacles, and other similar dispensing and disposal fixtures are provided, at least one of each type shall be located with all operable parts, including coin slots, within 40 inches (1016 mm) from the finished floor. **Controls and Dispensers. If controls, dispensers, receptacles, or other equipment are provided, then at least one of each shall be on an accessible route and shall comply with 4.27.** **4.22.7** | Remount the dispenser so that the highest operating part is no higher than 40" AFF. | DSC_0050 |

AttachmentB-FINAL-GaribaldisRestaurant-DeficeincyList-Draft5-KD.xls

| 1.024 | Restroom 1 - Clear Floor Space | The clear floor space in front of the sink is obstructed by a cabinet to 25 1/4". | 1115B.9.1 | A clear floor space 30 inches by 48 inches (762 mm by 1219 mm) complying with Section 1118B.4 shall be provided in front of a lavatory to allow a forward approach. Such clear floor space shall adjoin or overlap an accessible route and toe space shall extend into knee and toe space underneath the lavatory. | 4.19.3 | **Clear Floor Space.** A clear floor space 30 in by 48 in (760 mm by 1220 mm) complying with 4.2.4 shall be provided in front of a lavatory to allow forward approach. Such clear floor space shall adjoin or overlap an accessible route and shall extend a maximum of 19 in (485 mm) underneath the lavatory (see Fig. 32). | Relocate or remove the cabinetry to provide a minimum of 48" clear floor space in front of the lavatory. | DSC_0047 |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

9

# ATTACHMENT C

C09-00873 JSW: Berne v. Garibaldi's on Presidio, Inc., et al

Attachment C – Policy

1)  When a person with an identified mobility disability is to be seated in the restaurant, the maitre'd will escort him or her to an accessible table, and later back from the table, and ensure a clear path of travel between any relevant tables.

2) All staff will be trained in operating the access lift and in the need for accommodating disabled patrons. The lift will be kept clear of any obstructions to entry or use, and will be kept unlocked.